## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| for use and benefit of A&C CONSTRUCTION & | ) | |
| INSTALLATION, CO. WLL | ) | |
| | ) | No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY | ) | |
| and THE INSURANCE COMPANY OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America f/u/b/o A&C Construction & Installation, Co. WLL ("A&C") hereby brings this Complaint against Zurich American Insurance Company ("Zurich") and The Insurance Company of the State of Pennsylvania ("ICSOP") and states in support thereof as follows:

1. This case arises from A&C's work as a subcontractor on a construction project for the United States Army Corps of Engineers on an air base in Qatar. A&C performed significant work for which it was not paid by the Qatari company with whom it contracted. A&C brings this action to recover its costs against the payment bond under the Miller Act.

### *Parties*

2. A&C is a limited liability corporation formed under Qatar law with its principal place of business located at B-Ring, Al Handassah Street, Old Public Works Building, Doha, Qatar.

3. Zurich is a New York corporation engaged in the insurance business with its principal place of business in Schaumburg, Illinois.

4.     ICSOP is a Pennsylvania corporation with its principal office located at 70 Pine Street, New York, New York.  ICSOP is a direct, wholly-owned subsidiary of AIG Property Casualty US, Inc.

### Jurisdiction & Venue

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1331 and the provisions of the Miller Act, United States Code 40 U.S.C.A. §§ 270(a) *et seq.*, inasmuch as A&C furnished labor and material to carry out work provided for in a contract for which a payment bond was furnished under 40 U.S.C.A. §3131 and for which payment has not been received.

6.     Pursuant to 28 U.S. Code § 1391(b), venue is proper in this Court since one of the defendants resides in the judicial district located in the Eastern District of Illinois.

### Facts

7.     AMEC Environment & Infrastructure ("AMEC"), the prime contractor on the project, entered into Contract No. W912ER-11-D-002 (the "Prime Contract") with the United States Army Corps of Engineers ("Army Corps") for the construction of two billets in the Blatchford-Preston Complex ("BPC") at the Al Udeid Base in Qatar (the "Project").

8.     Pursuant to the terms of the Prime Contract, AMEC, as principal, and Zurich and ICSOP, as sureties, executed and delivered to the Army Corps their payment bond (the "Bond") No. 9076770/863584, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract.  A true and correct copy of the Bond is attached and incorporated herein as **Exhibit A**.

9.     On October 16, 2011, A&C entered into a Preliminary Joint Venture Agreement (the "JVA") with Black Cat Engineering & Construction WLL ("Black Cat"), under which the two parties agreed to work together to submit a tender for work on the Project and agreed upon a division of responsibility for any work awarded.

10.     Thereafter, on October 1, 2012, AMEC awarded certain mechanical work to Black Cat and AMEC and Black Cat signed Subcontract Agreement No. F011900041, under which Black Cat agreed to perform certain mechanical work required of AMEC under its Prime Contract with the Army Corps (the "Black Cat Subcontract").

11.     On January 24, 2013, AMEC awarded an additional scope of work to Black Cat, including the internal fire suppression system for the billet buildings.

12.     On January 31, 2013, Black Cat and A&C entered into a Subcontract Alliance Agreement to perform the mechanical services that had been awarded to Black Cat (the "MEP Agreement"), which incorporated the terms of the JVA.  A true and correct copy of the MEP Subcontract is attached and incorporated herein as **Exhibit B**.

13.     Soon afterward, on July 1, 2013, Black Cat and A&C signed a further Subcontract Alliance Agreement relating to the fire suppression works (the "Fire Suppression Agreement"), which also incorporated the terms of the JVA.  A true and correct copy of the Fire Suppression Agreement is attached and incorporated herein as **Exhibit C**.

14.     Black Cat and A&C agreed to two amendments to their subcontract alliance agreements ("Amendments").   True and correct copies of the Amendments are attached and incorporated herein as **Exhibit D** and **Exhibit E**, respectively.

15.     The MEP and Fire Suppression Agreements, as amended, are referred to herein as the Agreement.

16.     A&C commenced work in connection with the Agreement immediately upon the execution of the Agreement.

17. Pursuant to the Agreement, A&C performed work and provided labor, services, equipment, and materials in connection with the installation of the mechanical, electrical, plumbing, and fire suppression systems at the Project.

18. In connection with its work under the Agreement, A&C submitted payment applications to Black Cat for the work it performed.

19. During the course of the Project, A&C experienced interference in its access to the work and a number of significant delays including, but not limited to, delays in the response to its submittals, which caused significant increases to its labor and material costs on the Project. A&C was required to advance more than $5 million into the Project to pay for costs associated with delays and disruptions, and has not been compensated for these costs.

20. Pursuant to negotiations between AMEC, Black Cat, and A&C in 2015, A&C submitted a claim to AMEC for certain of the delay damages it had already incurred on the Project although damages continued to be incurred by A&C.

21. Upon receipt of A&C's claim, AMEC requested through Black Cat that A&C resubmit the claim for inclusion in a global Request for Equitable Adjustment ("REA") that AMEC intended to present to the Army Corps. The purpose of the REA was to seek compensation and an extension of time from the Army Corps, and A&C was instructed not to include claims for damages caused by Black Cat or AMEC.

22. Following the instruction provided by AMEC, A&C worked with Black Cat to resubmit its claim for delay damages and its request for an extension of time, this time for inclusion in the REA.

23. AMEC endorsed and approved A&C's submittal and, upon information and belief, AMEC incorporated A&C's claims into a final REA with AMEC's own claims that AMEC

submitted to the Army Corps. However, despite multiple requests from A&C, neither Black Cat nor AMEC has provided A&C any information relating to the REA or whether the Army Corps has responded to it.

24. Black Cat informed A&C that AMEC approved the modified schedule requested in the REA and instructed Black Cat to proceed according to the modified schedule. A&C continued to perform the Agreement work under the agreed revised schedule without receiving compensation for the additional costs it had incurred.

25. As A&C performed its obligations, Black Cat acted in total breach of its obligations under the Agreement. For example, the Agreement required that A&C be given the ability to participate in material decisions on the Project by participating in a steering committee and making decisions jointly with Black Cat. However, Black Cat refused A&C's many requests for a steering committee meeting and refused to permit A&C to otherwise participate in the decision making on the Project. Black Cat also prevented certain A&C personnel from accessing the site altogether, while still claiming A&C was responsible for the ongoing work onsite. Further, Black Cat has failed and refused to compensate A&C for the costs associated with the serious delays and disruptions to the work on the Project. Indeed, ultimately, Black Cat refused to even provide A&C information about the Project while A&C's tools, equipment and subcontractors remained on the Project.

26. A&C provided labor and/or materials to the Project through at least December 2016.

27. At the time A&C last performed work on the Project, there remained an outstanding balance due and owing to A&C for its work and incurred expenses.

28. A&C performed its work in a workmanlike and timely fashion and is entitled to be paid in full for the work it performed and costs it incurred.

29.     A&C has performed work and incurred expenses totaling $10,045,966.00 which after payments, credits, and offsets leaves a balance of $8,449,710.00 which remains unpaid without legal justification or excuse.  This amount has been due and owing for more than 90 days.

30.     A&C made demands on Black Cat that it make payment on the unpaid balance but Black Cat refused to make any such payment.

31.     Thereafter, pursuant to the Miller Act, A&C submitted a notice to AMEC claiming an unpaid balance that was due and owing on or about August 16, 2016.  A true and correct copy of A&C's Notice is attached and incorporated herein as **Exhibit F**.

32.     Following its notice to AMEC claiming an unpaid balance of $8,449,710.00, A&C incurred additional costs of $187,713.00.

33.     Despite A&C's repeated demands for payment, AMEC, Black Cat, Zurich, and ICSOP have failed and refused to make payment of this amount to A&C.  Zurich's and ICSOP's failure to make payment are material breaches of their Bond obligations.

## COUNT I
### (Bond Claim)

34.     A&C incorporates and realleges Paragraphs 1 through 33 as though fully set forth herein as Paragraph 34.

35.     A period of more than 90 days but less than one year after the day on which the last labor was performed or materials supplied to the Project by A&C has elapsed.

36.     A&C has satisfied all conditions precedent to payment of the amount due. Alternatively, Zurich and ICSOP have waived or excused all conditions precedent.

37.     A&C is a contractor entitled to protection of the Miller Act, United States Code 40 U.S.C.A. §270(a) *et seq.* and is also a contractor protected by the Bond given by Zurich and ICSOP.

38.     A&C is a claimant under the Bond; its claim, set forth herein, is recoverable under the Bond and the Miller Act; and all conditions precedent for its recovery hereunder have either been performed, have been satisfied, or have been waived.

39.     A&C is entitled to recover the reasonable value of its work, as Black Cat failed to pay A&C, acted in total derogation of the Agreement, and made it impossible for A&C to continue performing pursuant to the Agreement terms.

40.     By reason of the foregoing, Zurich and ICSOP are justly indebted to A&C under the Bond in the sum of $8,637,423.00 plus interest.

WHEREFORE, the United States of America f/u/b/o A&C Construction & Installation, Co. WLL moves for judgment against Zurich American Insurance Company and The Insurance Company of the State of Pennsylvania, jointly and severally, in the amount of $8,637,423.00 plus interest, costs, and such other further relief as this Court deems just and appropriate.


Dated: June 7, 2017                                    Respectfully submitted,

                                                       A&C CONSTRUCTION &
                                                       INSTALLATION CO. WLL


                                                       By:  /s/ Abram Moore
                                                       Abram Moore (ARDC#6278871)
                                                       Justin L. Weisberg (ARDC#6210397)
                                                       Raymond M. Krauze (ARDC#6280400)
                                                       K&L GATES LLP
                                                       70 West Madison, Suite 3100
                                                       Chicago, Illinois  60602
                                                       Phone: (312) 372-1121
                                                       abram.moore@klgates.com
                                                       justin.weisberg@klgates.com
                                                       raymond.krauze@klgates.com
                                                       *Attorneys for A&C Construction &
                                                       Installation Co. WLL*