IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| for use and benefit of A&C CONSTRUCTION & ) | | |
| INSTALLATION, CO. WLL ) | | |
| ) | No. 1:17-cv-04307 | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Assigned Judge: | |
| ) | Harry D. Leinenweber | |
| ZURICH AMERICAN INSURANCE COMPANY ) | | |
| and THE INSURANCE COMPANY OF THE ) | Designated Magistrate: | |
| STATE OF PENNSYLVANIA, ) | Judge Maria Valdez | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO COMPLY WITH RULE 34 AND FIX ITS SUPPLEMENTAL PRODUCTION**

A&C Construction & Installation, CO. WLL ("A&C"), by and through its counsel, responds in opposition to Defendants Zurich American Insurance Co. and the Insurance Company of Pennsylvania (together the "Sureties")'s Motion to Require Plaintiff to Comply with Rule 34 and Fix its Supplemental Production (the "Motion"), and in support thereof, A&C states as follows (the "Response"):

**I.    Background Facts Regarding the Discovery Process**

Defendants have rushed into Court with their second unnecessary discovery motion in a single week, this time demanding that the Court intervene on issues raised for the first time fifteen days ago and which A&C promised to investigate.  The Motion is inflammatory, laded with hyperbole, and, in a number of respects, inconsistent with the history of the discovery between the parties.  As a result, A&C must expend the effort of clarifying certain facts:

- At no point did A&C "fix" its initial production (Motion at 2), but A&C did agree to provide Sureties an index setting forth the categories of documents in the production and

the requests to which they were responsive. A&C provided that index on July 12, 2018. (Motion Ex. 4 at 1.)

- On July 12, 2018, A&C indicated to the Sureties that it intended to make a supplemental production. Four days later, the Sureties filed their Motion to Stay Proceedings Pending Arbitration filed on July 16, 2018 (Dkt. No. 62). The Court granted that motion in part, staying the matter as to the Fire Suppression Agreement on September 11, 2018. (Dkt. No. 76.) ,

- A&C did not make any production "after the initial close of discovery in this case" (Motion at 2). On July 31, 2018, due to the pending motions by Defendants to stay the proceedings and AMEC to Quash the Subpoena A&C served upon it (Dkt. No. 26), A&C filed its Motion to Extend Discovery Deadline filed July 31, 2018 (Dkt. No. 67). The Court subsequently vacated the August 31, 2018 fact discovery cutoff during a status hearing on August 7, 2018. At present, there is no set discovery deadline and A&C never made any production "after the close of discovery."

- The Sureties filed their Motion to Compel Interrogatory Responses on October 23, 2018 (Dkt. No. 79) *despite A&C's repeated assurances that it would supplement those responses.* (Dkt. No. 79-2 at 1.) A&C agreed to revise its interrogatory responses even though it had already provided the Sureties a detailed chart identifying, by bates range, particular documents evidencing Plaintiff's damages (including the bates ranges evidencing mobilization/demobilizations, repayments, NAFFCO/REA claims, labor, services materials and equipment costs, and other information). (Motion Ex. 6 at 2.)

- A&C served its supplemental interrogatory responses on October 29, 2018. In those responses, A&C itemized its damage claim and provided reference to Bates-labeled

documents supporting each line item. Each of the interrogatories that the Sureties have complained of has been amended and fulsomely answered. As a result, A&C requested that the Sureties withdraw their motion to compel. At the end of the day on October 30, 2018, the Sureties indicated that they would not withdraw the motion because they were "unable to evaluate the responses completely for compliance with the Rule in advance of [the] hearing." (*See* Exhibit A, attached hereto.)

- On October 15, 2018, the Sureties sent A&C a conferral letter, challenging the format of the production and contending that certain documents were produced in .PDF format, rendering them not "reasonably usable." (Motion Ex. 5 at 2.) On Friday, October 26, 2018, A&C confirmed that it had produced documents as they were kept by A&C in the ordinary course of business. (Motion Ex. 6 at 2.) Counsel for A&C further stated that it was in discussions with A&C to determine why documents were produced in the format they were and whether they could be produced in an alternate format, with attendant metadata, even though it did not agree with the Sureties' contention that the format was not "reasonably usable." (*Id.* at 2-3.) This Motion was filed the following Monday, two days before the parties' scheduled status hearing.

- To date, A&C has produced 161,415 pages of documents and the Sureties have produced 131 pages.

In sum, A&C, at all times in this litigation, has attempted to work *with* the Sureties to identify relevant facts, witnesses, and documents, and produce them in an expeditious manner consistent with its obligations under the Federal Rules of Civil Procedure. Indeed, A&C has, in certain instances, gone above and beyond what has been required of it under the Rules.

## II. Argument

### A. A&C is Providing an Index of the Supplemental Production

A&C has produced documents as they are kept in the ordinary course of business, despite the Sureties' unsupported contentions to the contrary. They have not been produced in a "massive dump" but rather were grouped based on the type of document and how it was kept by the client, as shown in the Index attached hereto as Exhibit B (*i.e.*, like documents were produced with like documents). Documents were produced in groupings as they are kept in the ordinary course of business. A&C has no other obligation when they are produced as such. As the Sureties recognize in the Motion, Fed. R. Civ. P. 34 requires that a party produce documents as they are kept "or" organize and label them.

Moreover, the vast majority of the documents -- 10,097 out of 10,172 produced in total -- included nomenclature in the document's filepath that identified the document's purpose or type and made clear that like documents were grouped together (*e.g.*, "Submittals"; "Requests for Information"; etc.). This belies the idea that the Sureties have been prejudiced by the way that A&C produced its documents.

Though A&C believes that it has more than met its obligations under the Federal Rules of Civil Procedure, it has provided, in the Index attached as Exhibit B, a Bates-labeled list that identifies the document requests that each document is responsive to.

### B. Format of the Supplemental Production

The Sureties further complain that documents within the supplemental production were produced as .PDFs. As A&C indicated it would do in its letters to the Sureties just last week, (Motion Ex. 6 at 2-3), A&C has investigated the matter. The challenged files consist of documents that are kept as .PDFs in A&C's ordinary course of business. The vast majority of

these documents were created on the work site -- daily submittals, requests for information, reports, copies of confidential negotiations between AMEC and BCEC that A&C received. *See* Exhibit B.  That is to say that these are documents that were created and exchanged as .PDFs, and A&C kept them in its files as .PDFs.  It is proper to produce these documents in the format in which they were created and kept.

Within this group are also 63 e-mails (out of the 10,172 documents produced) that were attachments to claim submissions and kept by A&C as .PDFs as part of larger packages of documents.  A&C is investigating as to whether it has copies of these e-mails in another format, and if it can do so, A&C will produce them in an alternate format with any attendant metadata.  The challenged files also include e-mails that A&C was not a party to, and received from others as .PDFs.  As a result, A&C does not have these documents in any format other than that in which they were produced.

Should the Sureties identify any other documents that do not fall into the above categories, A&C is willing to investigate them.

**III.    Conclusion**

A&C has gone above and beyond to accommodate the Sureties' purported concerns with A&C's document productions.  The Sureties present this Motion, the second filed in the span of a week, but there has been no claim that A&C has withheld any documents; the Sureties merely present "problems" that A&C agreed to investigate.  Accordingly, A&C respectfully requests that the Court deny the Motion to Require Plaintiff to Comply with Rule 34 and Fix its Supplemental Production and for other relief as the Court finds just and equitable.

Dated: October 30, 2018												Respectfully submitted,

A&C CONSTRUCTION &
INSTALLATION CO. WLL


By: /s/ Abram Moore
Abram Moore (ARDC#6278871)
Nicole C. Mueller (ARDC#6309735)
K&L GATES LLP
70 West Madison, Suite 3100
Chicago, Illinois  60602
Phone: (312) 372-1121
abram.moore@klgates.com

*Attorneys for A&C Construction &
Installation Co. WLL*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 30th day of October, 2018, a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion to Require Plaintiff to Comply with Rule 34 and Fix its Supplemental Production was served by electronic transmission via the Electronic Case Filing system of the Court upon the following counsel of record:

>Robert E. Tonn
>Colin P. Smith
>William Farley
>Holland & Knight LLP
>131 South Dearborn Street
>30th Floor
>Chicago, Illinois 60603
>Phone: (312) 263-3600
>robert.tonn@hklaw.com
>colin.smith@hklaw.com
>william.farley@hklaw.com
>
>*Attorneys for Zurich American Insurance Co. and The Insurance Company of the State of Pennsylvania*
>
>Daniel B. Pasternak
>Brent R. Owen
>Squire Patton Boggs (US) LLP
>1801 California Street, Suite 4900
>Denver, Colorado 80202
>daniel.pasternak@squarepb.com
>brent.owen@squarepb.com
>
>*Attorneys for Zurich American Insurance Co. and The Insurance Company of the State of Pennsylvania*

         /s/ Abram I. Moore
         Abram I. Moore