IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA for use and benefit of A&C CONSTRUCTION & INSTALLATION CO. WLL,** | |
| **Plaintiff,** | **Case No. 17 C 4307** |
| v. | **Judge Harry D. Leinenweber** |
| **ZURICH AMERICAN INSURANCE COMPANY and THE INSURANCE COMPANY OF PENNSYLVANIA,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This case arises out of a construction project in Qatar. The Plaintiff brings this action against the sureties who guaranteed payment of monies due it from the general contractor, Black Cat. This case has been beset by inaction of the parties that has apparently prevented progress toward resolution of the case.

At a status hearing on October 31, 2018, the Court inquired as to why there was so little progress. The parties blamed each other for the inaction. Defendants suggested that the case be reassigned to a Magistrate Judge to resolve outstanding issues. The Court instead instructed the parties to submit a Joint Status Report describing the outstanding issues with the hope that doing so would resolve or at least narrow the issues. Even though there

are apparently only three outstanding Motions, the parties could not agree on how to describe the current status of the case. Instead Plaintiff filed a ten-page status report and the Defendants filed a fifteen-page status report. The net result of all these pages was to advise the Court that there are three outstanding Motions that need resolution. They are Plaintiff's Motion to Strike Affirmative Defenses, Defendants' Motion to Compel a Rule 30(b)(6) deponent, and Defendants' Motion to Compel Plaintiff to organize its supplementary document production in a meaningful manner.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike Affirmative Defenses

The Defendants' Answers show that they have filed eight so-called affirmative defenses. These affirmative defenses are as follows:

> **First:** "The Amended Complaint fails to state a claim upon which relief can be granted."
>
> **Second:** "A&C received payment in full for any work performed under its Subcontract Agreement with Black Cat."
>
> **Third:** "A&C's claims are barred by the doctrine of waiver."
>
> **Fourth:** "A&C's claims are barred by the doctrine of laches."
>
> **Fifth:** "A&C's claims are barred by the doctrine of unclean hands."

> **Sixth**: "A&C's claims are barred by the notice requirements of 40 U.S.C.A. § 3133(b)(2)."
>
> **Seventh**: "A&C's claims are barred by the Statute of Limitations contained in 40 U.S.C.A. § 3133(b)(2)."
>
> **Eighth**: "To the extent A&C's Request for Relief against the Sureties exceeds the penal sum of the Bond, it is improper and excessive pursuant to 40 U.S.C.A. § 3133(b)(2) and should be stricken."

Defendants respond to Plaintiff's Motion to Strike Affirmative Defenses alleging (1) that the Motion is untimely, and (2) that there is a valid basis for each affirmative defense.

First, with respect to timeliness, a court may either waive the untimeliness or on its own consider the validity of an affirmative defense *sua sponte*. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991). Rule 12(f) allows a court to consider the insufficiency of a pleading at any time, even though its attention was drawn to the pleading by an untimely motion. Getting the pleadings in order is a desirable action at any time so that time is not wasted on irrelevance. Moreover, the presence of inappropriate affirmative defenses makes it more difficult for the court to prepare adequate instructions for the jury.

An affirmative defense, if properly pleaded, is appropriate if the defendant has the burden of proof on the matter raised by the affirmative defense, or if the defendant's proof of the defense does not controvert the plaintiff's proof. *Winforge Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 872 (7th Cir. 2012).

However, a defendant must still supply appropriate factual context to meet the standards of Rule 8 as well as the *Twombly-Iqbal* standards, which is the majority view in this District. *Sarkis Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034,1040 (N.D. Ill. July 3, 2014) (Lee, J.). With these principles in mind the court will consider the affirmative defenses pleaded by Defendants.

Number 1 is clearly inappropriate as it adds nothing to the case and is therefore dismissed. *Cassetoca Software v. Computer Sciences Corp.*, No. 11 C 2187, 2011 WL 4431031 (N.D. Ill. Sept. 22, 2011). Number 2, however, is an affirmative defense that is appropriate to raise since the Defendants are secondarily liable to Plaintiffs. If, in fact, Plaintiff has been paid in full by Defendants' principal then it has no claim against the sureties. Numbers 3, 4, and 5, waiver, laches, and unclean hands, are equitable defenses and thus must be pled with the specific elements required to establish such defenses. *Reis Robotics USA v. Concept Industries*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). Only the bare bones of these defenses are pled, and they are not sufficiently fleshed out to provide appropriate notice to Plaintiff. These are dismissed. Numbers 6, a statutory notice requirement, and 7, a statute of limitations defense are both appropriate affirmative defenses since the burden is on the

Defendant to prove these. However, Number 8, exceeding the penal sum of the bond, is certainly not an appropriate affirmative defense. Plaintiff must prove the existence and the terms of the bond issued by the Defendants to Black Cat. Its proof therefore must include the amount of the bond. If Plaintiff seeks to recover more than the bond amount, it would be Plaintiff's burden to prove why it is entitled to more than the bond amount. This defense is dismissed.

In conclusion, the Court strikes Affirmative Defenses 1, 3, 4, 5, and 8. The Motion to Strike Affirmative Defenses 2, 6, and 7 is denied.

**B. Motion to Compel Organization Deponent**

The Defendants have been seeking to obtain the deposition of the Plaintiff's designated Rule 30(b)(6) deponent since first noticed on April 10, 2018. They have been frustrated time and again due to inability of the designated witness, Jean Louis Cardahi ("Cardahi"), to obtain a visa. Plaintiff has suggested alternatives including taking the deposition in one of 26 countries where Cardahi can legally appear. Defendants object unless the Plaintiffs agree to pay the costs of sending attorneys to any place other than Chicago, Illinois, the forum selected by Plaintiff, which Plaintiff declines to do. Plaintiff also suggests that the deposition be taken by teleconferencing. Defendants do not

unreasonably decline this alternative as the case is very document heavy and taking such a deposition by teleconferencing would be unwieldy. However, this Motion is apparently resolved. On December 28, 2018, the Court was advised that Cardahi was issued a visa on December 26, 2018, which will allow him to be deposed in Chicago as requested by Defendants. The Defendants have apparently agreed to depose him on an agreeable date no later than the end of February 2019. The Court agrees and orders Plaintiff to produce Cardahi in Chicago, Illinois, by February 28, 2019, or in the alternative, produce another qualified Rule 30(b)(6) deponent in Chicago by that date.

### C. Motion to Require Plaintiff to Comply with Rule 34

Defendants contend in this Motion that Plaintiff is guilty of "document dumping" in violation of Rule 34. Plaintiff in response contends that it is entitled to the protection of the portion of the rule that enables a party to "dump" documents if that is the way they are kept in the ordinary course of business. It appears that Plaintiff has produced documents with different organization principles which tends to undermine its contention that all the documents are kept in the ordinary course of business. Apparently, the Plaintiff, after meeting and conferring on their original document production, relented and provided labeling and organization of the documents. Now, with respect to its

supplemental production, Defendants want Plaintiff to provide the same type of labeling and organizing. The reason for the rule permitting production of documents, not specifically organized in accord to the specific requests, is that it is assumed that the documents are truly kept in the ordinary course of business and thus are organized in some way that is useful to the business producing the documents. *In re Sulfuric Antitrust Litigation*, 231 F.R.D. 351, 362 (N.D. Ill. September 27, 2005). Here the Plaintiff's supplemental production consists of over 150,000 pages. The fact that it is a supplemental production strongly suggests that the documents were not kept in the ordinary course of business as contemplated by Rule 34. If they had been, they would have been produced in response to the first request. The Defendants' Motion is granted, and the Plaintiff is ordered to organize and label documents in the categories as asked for in the production request.

### III. **CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. Plaintiff's Motion to Strike is granted as to Affirmative Defense Nos. 1, 3, 4, 5 and 8, and denied as to Affirmative Defense Nos. 2, 6 and 7.

2. Defendants' Motion to Compel the Rule 30(b)(6) deposition of Jean Louis Cardahi is granted. The Court orders

supplemental production, Defendants want Plaintiff to provide the same type of labeling and organizing. The reason for the rule permitting production of documents, not specifically organized in accord to the specific requests, is that it is assumed that the documents are truly kept in the ordinary course of business and thus are organized in some way that is useful to the business producing the documents. *In re Sulfuric Antitrust Litigation*, 231 F.R.D. 351, 362 (N.D. Ill. September 27, 2005). Here the Plaintiff's supplemental production consists of over 150,000 pages. The fact that it is a supplemental production strongly suggests that the documents were not kept in the ordinary course of business as contemplated by Rule 34. If they had been, they would have been produced in response to the first request. The Defendants' Motion is granted, and the Plaintiff is ordered to organize and label documents in the categories as asked for in the production request.

### III. **CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. Plaintiff's Motion to Strike is granted as to Affirmative Defense Nos. 1, 3, 4, 5 and 8, and denied as to Affirmative Defense Nos. 2, 6 and 7.

2. Defendants' Motion to Compel the Rule 30(b)(6) deposition of Jean Louis Cardahi is granted. The Court orders

supplemental production, Defendants want Plaintiff to provide the same type of labeling and organizing. The reason for the rule permitting production of documents, not specifically organized in accord to the specific requests, is that it is assumed that the documents are truly kept in the ordinary course of business and thus are organized in some way that is useful to the business producing the documents. *In re Sulfuric Antitrust Litigation*, 231 F.R.D. 351, 362 (N.D. Ill. September 27, 2005). Here the Plaintiff's supplemental production consists of over 150,000 pages. The fact that it is a supplemental production strongly suggests that the documents were not kept in the ordinary course of business as contemplated by Rule 34. If they had been, they would have been produced in response to the first request. The Defendants' Motion is granted, and the Plaintiff is ordered to organize and label documents in the categories as asked for in the production request.

### III. **CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. Plaintiff's Motion to Strike is granted as to Affirmative Defense Nos. 1, 3, 4, 5 and 8, and denied as to Affirmative Defense Nos. 2, 6 and 7.

2. Defendants' Motion to Compel the Rule 30(b)(6) deposition of Jean Louis Cardahi is granted. The Court orders

Plaintiff to produce for deposition Jean Louis Cardahi in Chicago (or other agreeable location), by February 28, 2019, or if for some reason Cardahi is not available by that date, Plaintiff is to produce some other qualified Rule 30(b)(6) witness in Chicago by February 28, 2019.

3. Defendants' Motion to Require Plaintiff to Comply with Rule 34 is granted, and Plaintiff is ordered to organize and label documents in the supplemental production in the categories set forth in the production request.

A final comment. This case has been pending for almost two years without the parties even starting depositions. The parties are ordered to get together and move the case forward, hopefully without further interference by the Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　United States District Court

Dated: 1/15/2019