IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA for use and benefit of A&C CONSTRUCTION & INSTALLATION CO. WLL,** | |
| Plaintiff, | Case No. 17 C 4307 |
| v. | Judge Harry D. Leinenweber |
| **ZURICH AMERICAN INSURANCE COMPANY and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,** | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated herein, Defendants Zurich American Insurance Company ("Zurich") and The Insurance Company of the State of Pennsylvania's Motion for Summary Judgment (Dkt. No. 104) is granted.

I. **BACKGROUND**

Persons who work on construction projects in most states are entitled to obtain a mechanics lien in the event they are not paid by the general contractor for their services and/or material. The situation is different when the construction project is financed by the federal government. The unpaid worker or material man is not entitled to a lien for unpaid services and/or material.

Instead, Congress enacted the Miller Act (40 U.S.C. § 3133) to protect such persons. The Act requires the general contractor to provide a surety, who by force of the Act, must make good the obligations to the suppliers of labor and material of a defaulting contractor.

In general, the Miller Act is entitled to liberal construction to effectuate its purpose of protecting those whose labor and materials go into public projects. *United States v. Carter*, 353 U.S. 210, 216 (1957). It grants a private right of action on the payment bond for those furnishing material or labor on the job but have not been paid. There are, however, three conditions to the right if such a person has dealt exclusively with a subcontractor and has no direct contractual relationship with the prime contractor. First, he must give written notice of his claim to the prime contractor. Second, the notice must be provided within ninety days from the date on which the subcontractor performed the last of the labor or furnished the last of the material. Third, the aggrieved subcontractor must bring suit in the name of the United States for the use and benefit of the subcontractor within one year after the day in which the last of the labor was performed or material supplied. The giving of notice and the limitation on filing suit are conditions precedent to the right to maintain the action. *United States ex. rel Material Service Div. of Gen.*

*Dynamics Crp. v. Home Indemnity Co.*, 489 F.2d 1004, 1005 (7th Cir. 1973).

AMEC Foster Wheeler Environment & Infrastructure, Inc ("AMEC") entered into a contract with the Army Corps of Engineers for AMEC to serve as the prime contractor for the construction of two billets in the Blatchford-Preston Complex at Al-Udeid Air Base in Qatar. In accord with the Miller Act, AMEC, as principal, and Zurich and The Insurance Company of the State of Pennsylvania, as sureties, executed and delivered to the Army Corps the required payment bond. On October 1, 2012, AMEC awarded certain mechanical work to Black Cat Engineering & Construction ("Black Cat") and on January 24, 2013, awarded additional work to Black Cat that consisted of an internal fire suppression system. On January 31, 2013, Black Cat and Plaintiff, A&C Construction & Installation, WLL ("A&C" or "Plaintiff"), entered into a subcontract for the construction of certain mechanical work, called the "MEP Agreement." Later, on July 1, 2013, Black Cat entered into a further sub-contract relating to fire suppression work, called the "Fire Suppression Agreement."

Black Cat and A&C did not get along and Black Cat terminated A&C from the Fire and Suppression Agreement on December 16, 2015. A&C had stopped most of the work on the MEP agreement in November of 2015 and last performed any actual work on this agreement on

May 16, 2016. A&C contends that it continued to provide work and provide equipment after that date because its equipment remained on the site for Black Cat's use, and it continued to provide supervision of one of its subcontractors who remained on the job through the project's completion on February 28, 2017. Thus, the last date that Plaintiff contends it supplied labor and material was February 28, 2017.

What is not in dispute is that A&C provided its Miller Act notice on August 16, 2016, alleging as of that date it was owed $8,449,710 for "Mechanical, Electrical and Plumbing and Fire Suppression works." This Miller Act notice was the only information provided to AMEC and the sureties until the institution of this lawsuit, which also requested damages in the same amount as on the Miller Act notice. Plaintiff filed its Complaint on June 7, 2017. Defendants have moved for summary judgment.

## II. LEGAL STANDARD

The applicable portions of the Miller Act reads as follows:

> **(b) Right to bring a civil action.**--
> **(1) In general.**--Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

**(2) Person having direct contractual relationship with a subcontractor.**--A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. The notice shall be served--
**(A)** by any means that provides written, third-party verification of delivery to the contractor at any place the contractor maintains an office or conducts business or at the contractor's residence; or
**(B)** in any manner in which the United States marshal of the district in which the public improvement is situated by law may serve summons.
**(3) Venue.**--A civil action brought under this subsection must be brought--
**(A)** in the name of the United States for the use of the person bringing the action; and
**(B)** in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy.
**(4) Period in which action must be brought.**--An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.
**(5) Liability of Federal Government.**--The Government is not liable for the payment of any costs or expenses of any civil action brought under this subsection.

*See* 40 U.S.C. § 3133.

### III. DISCUSSION

Defendants' argument is that A&C is barred from bringing a Miller Act claim because it failed to give the written notice within ninety days and failed to file suit within one year of the

- 5 -

last provision of work or material for which the claim is made. It argues that A&C was terminated from the fire suppression work on December 15, 2015, and the latest it provided work under the MEP contract was May 16, 2016. It did not provide the written notice until August 16, 2016 and did not file suit until June 7, 2017. The Seventh Circuit and other courts have held that these two dates are conditions precedent to bringing a claim under the Miller Act. *See Material Serv. Div.*, 489 F.2d 1004. The time between the last work on site was May 16, 2016 and the notice was served on August 16, 2016, a total of 91 days. The lawsuit was filed on June 7, 2017, which is one year and 22 days after May 16, 2016, the date of the last work. In response to A&C's argument that it had material on site that was utilized as late of February 28, 2017, Defendants point out that A&C failed to provide the 90-day written notice for this later work. Nor can the filing of the lawsuit on June 7, 2017 constitute a written notice because it was not within 90 days of the claimed later work.

Plaintiff responds by arguing that its lawsuit was timely because it was filed within one year of the date of which it last worked which was on February 28, 2017. It contends that it had leased its equipment to Black Cat, and it was utilized on the project up to its conclusion on that date and the Miller Act permits recovery of payments for leased equipment. *U.S. for the*

*use of Time Savers, Inc., v. J.D.L. Construction, Inc.*, No. 89 C 8589, 1990 WL 19912 (N.D. Ill. Feb. 2, 1990). Plaintiff also argues that the fact that its subcontractor remained on site until that date constituted provision of labor by A&C. It cites no cases, but a number of articles it claims so hold, such as *Litigation of Claim under Miller Act*, 148 Am. Jur. Trials 1 (2017). With regard to the fact that the notice was served well before the last day worked, *i.e.*, notice served on August, 16, 2016 and last day of provision of labor and materials was February 28, 2017, Plaintiff argues that this constitutes proper notice because, even though served well more than 90 days before the last provision of work, it placed AMEC on notice that A&C was claiming unpaid labor and materials provided by Black Cat. Thus, if anything it provided too much notice. Plaintiff cites a number of cases it claims supports this argument including *U.S. for the use of Moody v. American Insurance Company*, 835 F.2d 745 (10th Cir. 1987).

Unfortunately for Plaintiff, the notice given on August 16, 2016, which was 91 days after one of the dates given by Plaintiff as the last day of providing labor and/or materials, was too late by one day. However, even if it was timely, Plaintiff failed to file suit within a year of the notice (date of suit June 7, 2017). Plaintiff's argument that it was supplying its subcontractor's work as well as leasing its equipment to Black Cat up to the date

of completion, February 28, 2017, fails. Even if Plaintiff is entitled to credit for other people's work (Defendants contend it isn't), it still needed to file a notice within 90 days of the last day of claimed work which would be May 29, 2017. The purpose of the notice is to fix a date beyond which the general contractor will not be liable for its subcontractor's debts. *See Moody*, 835 F.2d 745.

Here, assuming Plaintiff was entitled to the $8,449,710 as claimed in its August 16, 2016 notice and assuming that the claim was, in fact, within 90 days of the last work performed or material supplied, this notice places AMEC on notice that there is a potential claim due Plaintiff from Black Cat, its sub-contractor. Thus, it is warned that it may be called upon to make good in the event Black Cat does not pay A&C. However, its duty to protect A&C ends after one year from the notice, provided no lawsuit is filed. Here the notice was filed, but no Complaint was filed within the one-year period after the notice.

Plaintiff argues that it supplied labor and materials through February 28, 2017, which was after that date, within one year of the date the Complaint was filed, and therefore this lawsuit is timely. However, the Seventh Circuit stated in the *Material Services Division* case, while the statute is remedial and to be liberally construed, nevertheless the "giving of notice and

bringing of suit within the prescribed is a condition precedent to the right to maintain the action." *See Material Serv. Div.*, 489 F.2d at 1005.

The *Moody* case does not help Plaintiff. In that case, a sub-subcontractor notified the General Contractor that its subcontractor was not paying it for material supplied to the project. The notice was given prior to the completion of the project. Although the opinion does not state the date material was last supplied, it does hold that the subcontractor need not wait until the project is complete before giving a Miller Act notice. The *Moody* case relies on *U.S. for the use of Honeywell v. A&L Mechanical Contractors,* 677 F.2d 383 (4th Cir. 1982) as authority. The *Honeywell* opinion holds that a subcontractor may file its Miller Act notice prior to the job completion so long as it is within 90 days of the last work performed by the subcontractor. A subcontractor who is not paid need not remain on the job until completion.

If Plaintiff is to rely upon its 90-day notice, then it needed to bring suit with one year or by August 19, 2017 or file a subsequent notice at some later date if there was in fact additional amounts due for labor and/or materials. It did not do so. In fact, its Complaint, which was filed on June 7, 2017, prayed for the exact same amount as was alleged as unpaid in the

Miller Act notice. Based on that, one could conclude that no additional labor or materials were furnished after the date of the notice. If, in fact, additional amounts did become due after the August 19, 2016 notice as claimed by Plaintiff, *i.e.*, up to February 28, 2017, a 90-day notice would be due on or before May 29, 2017. None was filed. While it could be argued that the filing of a complaint could satisfy both the notice and the complaint requirements, but the Complaint was not filed within 90 days of the last work claimed to have been performed by Plaintiff.

Plaintiff's final argument is that it gave "too much notice" so that AMEC was on notice that Plaintiff was owned money by Black Cat, and therefore the purpose of the statute was satisfied. This, however, does not meet with the requirement that the limitations periods constitute conditions precedent and are to be strictly construed. Thus, Defendants are entitled to judgment in their favor.

Finally, the Court notes Plaintiff is not without remedy. It still has the right to proceed against Black Cat as it is currently doing.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment (Dkt. No. 104) is granted.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

Dated: 8/27/2019